**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DANIEL CECE,

        Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25-cv-6582

Hon. Joan B. Gottschall

Magistrate Judge Keri L. Holleb Hotaling

**PLAINTIFF'S RULE 52 MOTION FOR ENTRY OF JUDGMENT**

Plaintiff, DANIEL CECE, pursuant to Federal Rule of Civil Procedure 52, moves for entry of judgment in his favor and against Defendant. In support thereof, Plaintiff submits his Proposed Findings of Fact (Dkt No. 44) and Memorandum of Law (Dkt. No. 45).

The Court should grant Plaintiff's Motion for Entry of Judgment, and pursuant to 29 U.S.C. § 1132(a)(1)(B), (1) enforce Plaintiff's rights under the terms of the plans (Dkt. No. 44 ¶¶ 5–6, 9–10) by limiting the scope of that which Defendant preserved for litigation, over which the Court renders an independent decision, to whether Plaintiff is unable to perform the duties of any "gainful occupation" (Dkt. No. 44 ¶¶ 95, 97), (2) award Plaintiff past due long-term disability insurance benefits and prejudgment interest thereon, and (3) reinstate Plaintiff's long-term disability insurance benefits with payments due monthly pursuant to the terms of the plan and his life insurance with waiver of premiums following the Court's order so long as Plaintiff remains eligible under the terms of the plans consistent with the Court's findings of fact and conclusions of law.

1

Plaintiff seeks disability insurance benefits due to him from and including September 14, 2024 through the date of the Court's ruling on this motion, and reinstatement of his life insurance with waiver of premium retroactive to September 19, 2024. (Dkt. No. 44 ¶ 95). The past due disability insurance benefits accrue at the rate of $5,253.00 per month. (Dkt. No.44 ¶ 12). In addition, Plaintiff seeks pre-judgment interest on the past due benefits, compounded monthly, at the historical prime rate in effect at the time each monthly payment was due, to be calculated following the Court's opinion and included in a final judgment order. Though Plaintiff sought attorney's fees and costs under 29 U.S.C. § 1132(g) in the Complaint (Dkt. No. 1 at 6), Plaintiff reserves addressing that claim until after a decision on the merits, and pursuant to the procedures of Local Rule 54.3.

WHEREFORE, Plaintiff prays judgment be entered on his behalf, and against Defendant, and the Court enter an Order that:

A.      The matter Defendant preserved for litigation, and the scope of that to which the Court may make findings of fact and conclusions of law, is Plaintiff's ability to perform the duties of any "gainful occupation" as defined in the plans;

B.      Defendant must pay Plaintiff $5,253.00 per month for the time period including September 14, 2024 through the date of the Court's opinion;

C.      Defendant must pay Plaintiff prejudgment interest compounded monthly, at the historical prime rate in effect at the time each monthly disability payment was due;

D.      Defendant must reinstate Plaintiff's long-term disability insurance benefits so long as he remains eligible under the plan's terms and consistent with this Court's opinion;

E.      Defendant must retroactively reinstate Plaintiff's life insurance with waiver of premium to September 19, 2024;

F.  Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1); and

G.  Plaintiff may petition for attorney's fees and nontaxable costs under 29 U.S.C.

§ 1132(g) pursuant to the procedures of Local Rule 54.3.


Respectfully Submitted,

/s/ Michael Bartolic
Attorney for the Plaintiff

Michael Bartolic
Bartolic Law
180 W. Washington Street Suite 700
Chicago, Illinois 60602
Tel: 312-635-0948
michael@bartoliclaw.com